DUNLOP & ASSOCIATES, PC
Victor A. Dunlop (VAD-8571)
827 E. 21ST STREET
Brooklyn, New York 11210
(718) 403-9261 Telephone
(614) 455-9261 Facsimile

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSEPH SPEIGHTS,

                      Plaintiff,

       -against-                                 **FIRST AMENDED**
                                                   **COMPLAINT**
CITY OF NEW YORK, NEW YORK CITY POLICE      Docket No: 13 CV 1200
DEPARTMENT, SERGEANT MICHELLE
WILLIAMS of the 73rd COMMAND, and
POLICE OFFICER TOLENTINO NAZAIRE of the     <u>Jury Trial Demanded</u>
73rd COMMAND,

                      Defendants.
-----------------------------------------------------------------------X

      Plaintiff JOSEPH SPEIGHTS, by his attorneys, Dunlop & Associates, PC, hereby respectfully alleges for his complaint against the defendants as follows:

## NATURE OF THE INSTANT ACTION

      1.    This is an action to vindicate the civil rights of Joseph Speights ("Plaintiff"). Plaintiff contends that the defendants falsely imprisoned him and maliciously prosecuted him for a crime that defendants knew, or reasonably should have known, that Plaintiff did not commit. Indeed, the prosecutor's information, alleging a single misdemeanor, was procured by fraud and obtained by reckless disregard for the truth, when the District Attorney's office relied on the fraudulent statements of Sergeant Michelle Williams and Police Officer Tolentino Nazaire. The criminal proceedings terminated in Plaintiff's favor, were dismissed and sealed pursuant to NY C.P.L. §160.50. However, Plaintiff suffered substantial and irreparable harm as a result of Defendants' malicious prosecution.

      2.    By this action, Plaintiff seeks redress for the violations of his constitutional and civil rights and to recover damages he suffered as a result of the incidence complained of hereunder, including but not

limited to damages for legal fees, costs and expenses associated with defending the criminal proceedings, loss of liberty, loss of reputation, mental anguish, inconvenience, humiliation, and fear.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to U.S.C. §1983. Venue is proper under 28 U.S.C. §§1391, as the operative events occurred within this judicial district.

4. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this court that they form part of the same controversy.

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

6. Plaintiff Joseph Speights, whom at all relevant times resided in Richmond County, hereby sues in and on his own behalf. At all relevant times, he was subjected to an illegal search, false imprisonment and malicious prosecution.

7. Defendant City of New York ("City") is a municipal entity authorized under the laws of the State of New York and a state actor for purposes of 42 U.S.C. §1983. This City may sue and be sued, and its principle place of business is New York County, New York. At all relevant times, the City of New York employed Sergeant Michelle Williams and P.O. Tolentino Nazaire. The City of New York is sued for having violated Plaintiff's civil rights while acting under color of state law and/or acting pursuant to its own practices, customs and policies.

8. Defendant New York City Police Department ("NYPD") is an agency of the City of New York. Upon information and belief, Sergeant Michele Williams and P.O. Tolentino Nazaire, defendants named hereunder, are agents and employees of the NYPD and agents and employees of the City of New York, which is legally responsible for torts they commit within the scope of their employment and/or under color of law.

2

9. Defendant Sergeant Michele Williams ("Sergeant Williams"), at all relevant times, was a non-commissioned officer employed by the NYPD, and acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the City of New York and acted within her scope of employment. Sergeant Williams is sued in both, her individual and official capacities.

10. Defendant P.O. Tolentino Nazaire ("P.O. Nazaire") all relevant times, was a police officer employed by the NYPD, and acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the City of New York and acted within her scope of employment. P.O. Tolentino is sued in both, his individual and official capacities.

11. At all times relevant, defendants Sergeant Michele Williams and Police Officer Tolentino Nazaire (collectively the "NYPD Defendants") acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and the NYPD.

12. At all relevant times, defendant City was responsible for the supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD employees. In addition, defendant City was responsible for ensuring that its employees, including the NYPD Defendants obey the laws of the United States and the laws of the State of New York.

## FACTUAL ALLEGATIONS

15. Defendants violated Plaintiff's civil rights in the following ways:

   a. On or about January 3, 2010, while Plaintiff was driving his personally owned vehicle ("POV") on Riverdale Avenue towards Mother Gaston Boulevard in the County of Kings and State of New York, officers of the NYPD that were traveling behind Plaintiff, signaled for him to pull over and Plaintiff complied.

   b. Whiled pulled over in this POV by officers of the NYPD, including the NYPD Defendants, Plaintiff was asked to display his credentials and Plaintiff complied by supplying his driver's license and insurance card as well as, his Patrolmen's Benevolent Association card that he received from his wife, who, at

3

the time was an employee of the NYPD ("Credentials"). Plaintiff was familiar with Sergeant Williams, whom he believed was familiar with his wife, then an employee of the NYPD.

    c.    Despite providing his Credentials to the officers of the NYPD, the NYPD Defendants, Plaintiff was ordered to step out of his vehicle. While out of his POV, Plaintiff asked for what he was being questioned and/or detained.

    d.    Subsequently, Plaintiff was ordered to get back into his POV, only to be ordered out of it for a second time by officers of the NYPD.

    e.    While out of his POV for a second time, Plaintiff turned directly to Sergeant Williams and asked her for what was he being arrested. Upon information and belief, Plaintiff told Sergeant Williams that they knew one another based on interactions between her and his wife. Instead of responding to Plaintiff however, Sergeant Williams assaulted Plaintiff. Specifically, Sergeant Williams sprayed mace in Plaintiff's face and eyes. In addition, the remaining officers of the NYPD, including P.O. Nazaire, assaulted Plaintiff with their batons, punched and kicked Plaintiff in his head and his face until Plaintiff begged them to stop.

    f.    As a direct result of the beating Plaintiff received from the NYPD and the NYPD Defendants, Plaintiff was bleeding from his face and head and he was experiencing immense pain in his hands, face and head.

    g.    Despite his apparent injuries and repeated requests for medical attention, Plaintiff was not immediately transported to any hospital or health facility, but instead was transported between Brookdale Hospital and the 73rd Command two times. While at Brookdale Hospital, it was discovered that Plaintiff suffered broken fingers and open wounds to his face and head, which required stitches and staples.

    h.    Defendants arrested Plaintiff without probable cause. Defendants did not tell Plaintiff for what he was being arrested or the allegations supporting his imprisonment.

    i.    The following day, Plaintiff was arraigned on eight charges, seven of which were indictable and all to which he plead not guilty. The Court set bail at thirty thousand ($30,000.00) dollars cash over fifty

4

thousand ($50,000.00) dollars bond. Plaintiff was transported to Rikers Island and housed at the Otis Bantum Correctional Center (OBCC), where his coat and shoes were taken and he was forced to reside in a common prison area filled with inmates accused of crimes ranging from assault with a deadly weapon, to felony drug possession to homicide.

  j. Defendants knew that they arrested Plaintiff based on their false and malicious allegations.

  k. On or about January 8, 2010, upon information and belief, defendants Williams and Nazaire provided testimony in the Grand Jury on behalf of the People of the State of New York in an attempt to indict Plaintiff. Upon information and belief, both, defendant Williams and defendant Nazaire provided fraudulent and malicious testimony to the Grand Jury concerning the incident that occurred on January 3, 2010. Despite knowing the testimony they were providing was false, defendants Williams and Nazaire nonetheless cooperated with the District Attorney's office in that office's attempt to secure an indictment.

  l. On or about January 8, 2010, Plaintiff also testified in the grand jury and as a result, the District Attorney's office failed to indict him on any of the indictable charges, with only one misdemeanor charge remaining. The People were only successful in securing a Prosecutor's Information. Therefore, the bail setting Court reduced Plaintiff's bail to two thousand five hundred ($2,500.00) dollars.

  m. At no time during the events described hereunder, were any of the members of the NYPD, including Sergeant Williams or P.O. Nazaire, justified in their assault and battery of Plaintiff. At no time did Plaintiff assault or harass any member of the NYPD, including either Sergeant Williams or P.O. Nazaire.

  n. At no time during the events described hereunder did any of the members of the NYPD, including Sergeant Williams or P.O. Nazaire, have probable cause for the arrest and seizure of Plaintiff. At no time did Plaintiff assault, harass, obstruct justice, or interfere with any investigation or police activity being conducted by the members of the NYPD.

  o. Upon information and belief, based solely on the continued cooperation of defendants Williams and Nazaire, where they provided false and malicious information, Plaintiff was forced to appear in criminal court for more than the thirteen (13) months to defend himself.

    p.       Despite the Grand Jury failing to indict Plaintiff, defendants Williams and Nazaire continued to cooperate in the criminal prosecution with malice and an improper motive.

    q.       After approximately thirteen (13) months, Plaintiff moved pursuant to NY CPL 30.30 alleging that the People failed to timely prosecute him. Plaintiff was successful in his motion and on or about February 8, 2011, the Kings County criminal court terminated the action in Plaintiff's favor.

    16.      Defendants' illegal and malicious actions were undertaken pursuant to municipal defendants' customs, practices and policies of sloppily and recklessly investigating criminal activity in the City of New York, of racially profiling African-American and Latino men while driving in urban neighborhoods, of illegally imprisoning and prosecuting individuals based solely on the naked allegations of police officers, without any corroboration or investigation resulting in the level of probable cause necessary to arrest Plaintiff, which was evident here by the People's failure to indict Plaintiff. Further, it is the municipal defendants' practice and policy to continue a prosecution, even after learning of the fraudulent and malicious statements used by defendants Williams and Nazaire during the malicious prosecution of Plaintiff.

    17.      Moreover, Plaintiff's rights with respect to being free from false imprisonment and malicious prosecution are clearly established and reasonable persons employed by the City of New York are aware of these rights, or have reasons to be so aware of these rights.

    18.      As a further and proximate result of Defendants' illegal acts towards Plaintiff, Plaintiff has suffered mental anguish, extreme embarrassment and emotion injury.

    19.      Defendants' instigation of the commencement of the criminal proceedings, coupled with their continued cooperation with the District Attorney's office were outrageous, malicious, done with an improper motive, and were intended to injure Plaintiff with no desire to achieve justice. Moreover, defendants' illegal actions were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages against all individual Defendants named herein.

## CAUSES OF ACTION

6

FIRST CAUSE OF ACTION

VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. §1983 ARISING FROM DEFENDANTS' MALICIOUS PROSECUTION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 with the same force and effect as if fully set forth herein.

21. Defendants Williams and Nazaire instituted the criminal proceedings against Plaintiff without probable cause as is evident by the People's failure to indict Plaintiff.

22. Defendants Williams and Nazaire knowingly provided false and fraudulent information in support of the continued prosecution.

23. Plaintiff's criminal prosecution ended in his favor when the People failed to timely prosecute Plaintiff under NY CPL 30.30.

24. Defendants Williams and Nazaire acted maliciously in initiating the criminal proceedings and in continuing the criminal proceedings by providing fraudulent and false information to the District Attorney's office.

25. The Defendants violated the Fourth Amendment and the Fourteenth Amendment of the United States Constitution by maliciously prosecuting Plaintiff, by providing false and malicious testimony in the Grand Jury, by continuing to provided false, and malicious information in their cooperation with the District Attorney's office, even after it became evident that there was no basis in fact or in law to support Plaintiff's prosecution. The Defendants provided false and fraudulent information resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are actionable under 42 U.S.C. §1983.

26. All of Defendants' aforementioned acts were carried out under the color of state law.

27. As a result of the defendants' unconstitutional conduct, plaintiff demands judgment against all defendants in a sum of money to be determined at trial.

## SECOND CAUSE OF ACTION

28. Plaintiff hereby repeats and realleges each allegation numbered in paragraphs 1-28 above.

29. The Defendants violated the Fourth Amendment of the United States Constitution when Plaintiff was jailed on Riker's Island for approximately 5 days and forced to fight a fraudulent criminal case for 13 months. This caused Plaintiff to lose gainful employment, benefits, and consortium. Plaintiff has not been able to find comparable employment or benefits since that time. These violations are made actionable through 42 U.S.C. §1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant to him judgment containing the following relief:

a. An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

b. An award of punitive damages to be determined at the time of trial as against each individual defendant;

c. An award of reasonable attorneys' fees and the cost of this action; and

d. Such other and further relief as this Court may deem just and proper.

DATED:   Brooklyn, New York
         June 16, 2013

Respectfully submitted,

Victor A. Dunlop (VAD-8571)

8

                                        Dunlop & Associates, PC  
                                        827 E. 21st Street  
                                        Brooklyn, New York 11210  
                                        (718) 403-9261 Telephone  
                                        (614) 455-9261 Facsimile  
                                        Attorneys for Plaintiff